**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

| | | |
|---|---|---|
| DERRON C. SMITH, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 9:12-2756-JMC-BM |
| | ) | |
| v. | ) | |
| | ) | |
| NFN RIVERA, | ) | **REPORT AND RECOMMENDATION** |
| Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This action has been filed by the Petitioner, pro se, pursuant to 28 U.S.C. § 2241. Petitioner is currently incarcerated at the Federal Correctional Institution (FCI) located in Edgefield, South Carolina, serving a term imposed by the Superior Court of the District of Columbia.[1]  See Respondent's Exhibit One.  Petitioner claims that the District of Columbia Superior Court erred by failing to formally arrest him prior to revocation of his probation, and by failing to bring new charges against him.  Petitioner alleges that he is being falsely detained and seeks release from custody on the grounds that he was not arrested or properly charged with a violation of law .

The Respondent filed a Motion to Dismiss the Petition on April 19, 2013.  As the

---

[1]The National Capital Revitalization and Self-Government Improvement Act of 1997, D.C. St. § 24-101 *et. seq*., placed the responsibility of incarcerating District of Columbia Code felony offenders with the Federal Bureau of Prisoners ("BOP").

1



Petitioner is proceeding pro se, a Roseboro order was entered by the Court on April 22, 2013, advising Petitioner of the importance of a dispositive motion and of the need for him to file an adequate response. Petitioner was specifically advised that if he failed to respond adequately, the Respondent's motion may be granted, thereby ending his case. Petitioner thereafter filed a response in opposition on May 28, 2013.

Respondent's motion is now before the Court for disposition.[2]

**Procedural History**

The record reflects that on September 14, 2000, Petitioner pled guilty to one count of manslaughter while armed. See Respondent's Exhibit B.[3] The trial court sentenced Petitioner on February 2, 2001, to eight (8) to twenty-four (24) years of incarceration. On May 7, 2004, the trial court amended Petitioner's sentence to suspend execution of sentence as to all but eight (8) years, with five (5) years of probation. On February 15, 2007, Petitioner was released from incarceration and the trial court issued a modified Judgment and Commitment Order noting a sentence of eight (8) to twenty-four (24) years of incarceration, execution of sentence suspended as to all but eight (8) years, and five (5) years of probation.

Following Petitioner's release, the D.C. court held numerous probation show cause

---

[2]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(e), D.S.C. The Respondent has filed a motion to dismiss. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

[3]The procedural history set forth hereinabove is from the March 19, 2013 Order on Petitioner's Writ of Mandamus filed pursuant to Rule 20.3(a) in Criminal Case No. 1999FEL2824, in the Superior Court of the District of Columbia. Colonia Penn. Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989)["We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"]



2

hearings relating to a series of alleged probation violations. On December 3, 2008, the court amended Petitioner's conditions of probation to include a stay away condition. On February 10, 2011, the court ordered a Show Cause Hearing for February 11, 2011, which was continued to February 15, 2011. On February 15, 2011, the court held the Show Cause Hearing, discharged the Show Cause Order, and modified Petitioner's release conditions to include a stay-away provision regarding Altovise Battle.[4] On April 18, 2011, the trial judge ordered another Show Cause Hearing to be heard before Judge Lynn Leibovitz on April 20, 2011, as the original trial judge was apparently on leave on April 20, 2011. This order included a memorandum dated April 15, 2011, which detailed the factual basis for a finding of probable cause regarding the alleged probation violation. The memorandum included two letters from a complaining witness, Rafiah Campbell, which contained allegations of an assault on April 15, 2011. On April 20, 2011, Judge Leibovitz conducted a preliminary revocation ("Peters I") hearing, and found probable cause to hold Petitioner pending the final probation revocation hearing ("Peters II" hearing).

On April 25, 2011, the government filed its Notice of Conduct Constituting Violations of Probation, alleging the following offenses: assaulting and threatening to kill Rafiah Campbell; entering the Court Services and Offender Supervision ("CSOSA") building for an unlawful purpose and under false pretenses; assaulting CSOSA Security Officer Kevin Jefferson[5]; attempting to unlawfully enter the office of CSOSA Officer Kevin Jefferson; and failing to appear for a probation appointment. The government proffered video footage of events that occurred in and around the

---

[4]This was a different stay-away requirement than the one from December 3, 2008.

[5]In a March 19, 2013 Order, the victim Kevin's last name is alternatively referred to as both Jefferson and Jackson in an apparent scrivener's error. For the sake of consistency, the undersigned has referred to Kevin as Kevin Jackson.

3



CSOSA offices and statements of Rafiah Campbell, who indicated she was attacked on her way in to CSOSA's office building to file a protection order against the Petitioner. On April 28, 2011, the court held a Peters II hearing, and found by a preponderance of the evidence that Petitioner had committed assaults against Rafiah Campbell and CSOSA Security Officer Jefferson on April 15, 2011. The court also found by a preponderance of the evidence that Petitioner entered the CSOSA building under false pretenses and with an unlawful purpose on April 15, 2011. Finally, the court found by a preponderance of the evidence that Petitioner attempted to enter Kevin Jefferson's office in the CSOSA building for an unlawful purpose on April 15, 2011. The court, therefore, revoked Petitioner's probation as of April 15, 2011.

On July 5, 2011, Petitioner filed a Motion for the court to Vacate its Order Revoking Probation, and instead to terminate his probation, *nunc pro tunc*, to April 15, 2011. On July 14, 2011, the trial court amended Petitioner's Judgment and Probation Order, *nunc pro tunc*, to May 7, 2004, reflecting a reduction in confinement period to seven (7) to twenty-four (24) years incarceration, execution of sentence suspended as to all but seven (7) years, and five (5) years of probation. Thereafter, on August 19, 2011, the court sentenced Petitioner to seven (7) to twenty-four (24) years incarceration.

On August 30, 2011, Petitioner, through counsel, filed an appeal of Petitioner's probation revocation. While this appeal was still pending, on March 19, 2012, Petitioner filed a *pro se* Defendant's Motion to Appeal Entitled "Notice of Conduct Constituting Violation of Probation" by Writ of Mandamus.[6] The government filed its opposition on August 10, 2012, following which

---

[6]Under D.C. Court rules, this is a separate proceeding, akin to a § 2255 motion. Swain v. Pressley, 430 U.S. 372, 377-378 & n. 10 (1977) [Section 23-110(g) was deliberately patterned after 28 U.S.C. § 2255 to establish a procedure for collateral review of convictions in the Superior Court].



Petitioner filed a *pro se* Defendant's Memorandum of Points and Authorities for Court to Vacate its Order Revoking Probation, Motion Requesting the Court to Recommend for Transfer, and Rule 56(a) Motion for Summary Judgment, on September 10, 2012, November 20, 2012, and March 4, 2013, respectively.  In his Writ of Mandamus, Petitioner asserted that: 1) the trial court improperly failed to issue an arrest warrant and summons and to formally file charges against him (alleging that his probation should not have been revoked without an arrest warrant; 2) Judge Leibovitz did not order the government to file or present evidence within 48 hours and the government violated the 48-hour requirement in filing its Notice of Conduct Constituting Violations of Probation on April 25, 2011, ten (10) days after the alleged offenses; 3) his 6th Amendment rights were violated because he had not been informed of the nature of the charges against him in accordance with Rule 4 of Criminal Procedure; 4) his 8th Amendment rights were violated as the punishment imposed by the court constitutes cruel and unusual punishment; and 5) an unreasonable delay between his arrest and the probation show cause hearing warrants suppression of the evidence because he was not charged with a crime prior to being detained.

While Petitioner's writ of mandamus was pending in the Superior Court of the District of Columbia and his appeal was still also pending, Petitioner filed this federal habeas action on

---

"In Swain, the Supreme Court explained that Section 23-110 provides the D.C. prisoners with a post-conviction mechanism directly analogous to Section 2255 for federal prisoners and Section 2254 for state prisoners, Section 23-110 even includes its own 'saving clause' using substantially identical language to that found in the fifth unnumbered paragraph of Section 2255." Boling v. Superior Court of the District of Columbia, Nos. 12-3368 & 12-1576, 2012 WL 6761508 at *4 (D.S.C. Nov. 29, 2012)(quoting Padgett v. Hastings, No. 05-353, 2006 WL 544287 at *2 (E.D.Ky. Mar. 6, 2006)), adopted by, 2013 WL 40324 (D.S.C. Jan. 3, 2012); Young-Bey v. Stansberry, No. 08-1172, 2010 WL 768611 at ** (E.D.Va. Mar. 4, 2010)  "Several federal district courts have noted that this statutory bar is akin to case law and statutory law prohibiting district courts from reviewing, in a Section 2241 action, claims cognizable under 28 U.S.C. § 2255." Id.



September 24, 2012. On March 19, 2013, the D.C. court ruled that Petitioner's probation revocation was compliant with the procedures required by the rule that applies to preliminary and final revocation hearings; Superior Court Criminal Rule 32.1; and was therefore proper. The court also found that in accordance with Rule 32.1, the government provided the Petitioner with written notice of the alleged probation violation, a list of the evidence against him, the opportunity to appear and present evidence, the opportunity to question adverse witnesses, and representation by counsel.[7] Finally, the D.C. court found that Petitioner's appeal (which was still pending) was scheduled for oral argument in April 2013, and that there was no need to transfer Petitioner to be closer due to his pending appeal. See generally, Respondent's Exhibits A and B.

## Discussion

The federal court is charged with liberally construing pleadings filed by a pro se litigant to allow the development of a potentially meritorious case. See Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972). However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990). Here, after careful review and consideration of the exhibits and arguments presented, the undersigned finds and concludes that the Respondent is entitled to judgment in this case, and that this Petition should therefore be

---

[7]In the March 19, 2013 order, the court noted the government's arguments that it did not violate Rule 4 of the Superior Court Criminal Rules because Petitioner was on supervised probation and, therefore, no arrest warrant was required by this rule. The government also argued in that proceeding that Petitioner relied on Supreme Court Rule 20.3 in error, as it does not apply in the context of District of Columbia Superior Court cases. The court also found that Petitioner's sentence was within the statutory framework and did not violate the Eighth Amendment.



dismissed.

In this federal habeas petition, Petitioner asserts under 28 U.S.C. § 2241 that the District of Columbia Superior Court erred by failing to formally arrest him prior to revocation of his probation and by failing to bring new charges against him. Petitioner seeks to be released from custody, as he alleges that he was not arrested or charged with violation of law and that he is therefore being falsely detained. Respondent argues that, to the extent Petitioner is challenging the sentence imposed by the Superior Court of the District of Columbia, a petition for habeas corpus under § 2241 is not the appropriate remedy and this Court therefore lacks jurisdiction over this Petition. The undersigned agrees.

Petitioner was convicted in the Superior Court of the District of Columbia. Collateral challenges to sentences imposed by the Superior Court must be brought in that court under D.C. Code § 23-110, which states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion [under §23-110] shall not be entertained by . . . any Federal . . . court if it appears that applicant has failed to make a motion for relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

See D.C. Code § 23-110(g).

This provision "entirely divested the federal courts of jurisdiction to hear habeas corpus petitions by prisoners who had a section 23-110 remedy available to them, unless the petitioner could show that the section 23-110 remedy was 'inadequate or ineffective . . . .'" Blair-Bey v. Quick, 151 F.3d 1036, 1042 (D.C.Cir. 1998). Accordingly, "a prisoner under a sentence imposed by the Superior Court . . . of the District of Columbia may collaterally challenge the constitutionality of his conviction by moving in that court for vacatur of his sentence, . . . " but that "prisoner has no recourse to a federal



7

judicial forum unless the local remedy is 'inadequate or ineffective to test the legality of his detention.'" Garris v. Lindsey, 794 F.2d 722, 725, 726 (D.C. Cir. 1986)(per curiam) (quoting D.C. Code § 23-110(g)), accord Swain, 430 U.S. at 378.

As discussed herein, Petitioner previously brought these same claims before the Superior Court of the District of Columbia through a writ of mandamus, the equivalent of a § 2255 motion for relief. See Respondent's Exhibit B, and note 6, supra. On March 19, 2013, the Honorable Russell F. Canan, Superior Court Judge, issued an order denying Petitioner's writ and ruling that Petitioner's probation was revoked in accordance with the law. See Respondent's Exhibit B. "It is well-established that the mere denial of relief by the local courts does not render the local remedy inadequate or ineffective." Joyner v. O'Brien, No. 09-913, 2010 WL 199781 at * 2 (D.D.C. Jan. 15, 2010)(citations omitted); Garris v. Lindsay, 794 F.2d at 727; see also Morton v. United States, No. 07-5253, 2008 WL 4726051 at * 1 (D.C.Cir. June 12, 2008)(per curiam)[denying request for certificate of appealability on the ground that appellant may not challenge his District of Columbia convictions in federal court unless his remedy under D.C. Code § 23-100 is inadequate or ineffective simply because the requested relief has been denied]. Therefore, simply because Petitioner was unsuccessful in his previous attempt to collaterally attack his sentence under D.C. Code §23-110(g), does not render the remedy inadequate nor ineffective. See Wilson v. Office of the Chairperson District of Columbia Bd. Of Parole, 892 F.Supp. 277, 280 (D.D.C. 1995). Furthermore, Petitioner has appealed the order of revocation and sentence; see Court Docket No. 1, Petition and attached exhibits; and that appeal is still pending..

Therefore, based on the foregoing, this court lacks jurisdiction over this petition. Whoie v. Warden, Butner Federal Medical Center, 891 F.Supp.2d 2 (D.D.C. 2012)[dismissing



petition for lack of jurisdiction]; Battle v. O'Brien, No. 12-59, 2012 WL 5462718 (N.D.W.Va. Oct. 5, 2012), adopted by, 2012 WL 5462693 (N.D.W.Va. Nov. 8, 2012); Bracmort v. O'Brien, No. 11-30, 2011 WL 1357486 (N.D.W.Va. Mar. 16, 2011), adopted by, 2011 WL 1357485 (N.D.W.Va. Apr. 11, 2011); Joyner, 2010 WL 199781 at * 3 [dismissing petition for lack of subject matter jurisdiction]**.** This Petition should be dismissed.

## Conclusion

Based on the foregoing, it is recommended that the Respondent's motion to deny habeas relief be **granted**, and that this Petition be **dismissed, without prejudice.**

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

September 26, 2013
Charleston, South Carolina



9

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

10

